Will the clerk please call the next case? 1-240-896-WC, Cahill Zahran, Appellant by Mitchell Klein v. Illinois Workers' Compensation Comm'n, et al., Illinois State Treasurer and S&B Food and Liquors, Appellees by Mary Labreck and Moza Almoza. Mr. Zahran, you may proceed. As far as a time breakup, do you need to know that now, or is it not necessary? You are the only appellant, are you not? Yes. Yeah, the appellees have been informed, I think, am I correct? Appellee of counsel? Yes, your honor. Good in time, sure. So you have your full time as an appellant. Thank you, justice. Good afternoon, justices. In 2016, Mr. Khalil Zahran, appellant, worked for Appellee's Liquor Store, making sure the cores were full and the shelves were organized. He was paid in cash $120 a week. When Mr. Zahran was injured at work, Appellee did not have workers' compensation insurance. On April 9, 2016, Mr. Zahran was injured when he was carrying a case of beer down Appellee's steps. During Mr. Zahran's testimony, he was looking at a photo of Appellee's steps. He stated, as he slipped, his right leg was caught in the space between the railing and the fourth step. This prevented him from falling and cracking his head. Sir Mohammed Salam testified that he was the owner of Appellee's Liquor Store, where Mr. Zahran worked. Mr. Zahran told him that he was injured on Appellee's steps, and Mr. Salam asked Mr. Zahran, do you need me to call an ambulance? Mr. Zahran testified that he did not, because he was more worried about losing his job and not being able to pay his bills. There was absolutely no evidence that Mr. Zahran was injured anyplace else besides Appellee's Liquor Store. By April 13, which was four days later, Mr. Zahran realized he would not be able to heal at home and needed to go to a hospital. He went to Advocate Christ Medical Center, where he received treatment for his elbow, knees, and ribs. Then, on April 28, Mr. Zahran had an MRI of his numbered spine done at Advocate Christ. The clinical information stated low back pain, post-work injury, injury of April 9. In addition, the findings stated disc bulge at number 3-4. On April 30, Mr. Zahran was again treated at Advocate, and he received two injections. On May 2, Mr. Zahran was treated by Dr. Mark Farag at Integrity Medical Group. In Mr. Farag's evaluation, Dr. Farag stated to a medical degree of reasonable certainty that Mr. Zahran presents for pain following a work accident on April 9, 2016. It occurred when he fell down a flight of steps working for the liquor store. Since then, he has been having left elbow and low back pain. Dr. Farag further stated, in my opinion, that Mr. Zahran's symptoms, for which he is being seen today, are directly related to his injury. All of this treatment occurred within 23 days of Mr. Zahran's work injury. All of the evidence showed that Mr. Zahran was injured at work, and all of the evidence showed his symptoms, for which he was treated, were directly related to his work injury. These facts illustrated that the arbitrator's decision was against the manifest weight of the evidence. Thank you. Yes, questions from the court? Any? Okay, none. Okay. Let me see here. I have such fine print here. I believe, Counsel Labreck, are you proceeding first? Yes, Your Honor. Okay. Good afternoon, Your Honors and Counsel. May it please the court. My name is Mary Labreck. I am an Assistant Attorney General, here representing the Illinois State Treasurer as Ex Officio Custodian of the Injured Workers Benefit Fund. I'll begin with the jurisdictional problem in this case, which is that Zahran's materials for initiating a case for review in the circuit court are missing two documents, the request for summons, and a notice of intent to file for review in the circuit court, which I will call hereafter the notice of intent. I'll just briefly remind you what the requirements are. Section 19F1 of the Workers' Compensation Act provides that summons shall be issued by the clerk of court upon a written request and that the written request shall contain the last known address of other parties of interest and their attorneys of record. The notice of intent requirement says that the party seeking review must do two things, must file with the commission a notice of intent to file for review in the circuit court and exhibit to the clerk of the circuit court either a proof of filing that notice of intent with the commission or an affidavit of the attorney attesting that such notice has been given in writing to the secretary or assistant secretary of the commission. Zahran contends that he has satisfied these requirements, pointing to pages C17 and C18 of the record, but these contain only an ordinary notice of filing that is meant to confirm to all parties that a summons was mailed to the commission. There are a few problems with this. First, the notice of filing is just like any other notice of filing and like the ones that he filed with the summons to the other parties in this case. It doesn't invoke any of the unique procedures of the Workers' Compensation Act. Second, it's a little unusual to try to satisfy both requirements with one document. The Act clearly contemplates that these requirements will be satisfied through two separate documents and most everybody else files them separately. Separate templates are available online. The commission has available on its website a copy of a notice of intent to file for review and the clerk of the Cook County circuit court has a copy of a request for summons parties can use. Now, I'm not suggesting that the parties have to use these forms, but it's a signal for caution under his theory. But the dispositive issue is that a combined document must satisfy both requirements and this particular document doesn't satisfy either. It's not a request for summons clearly because it doesn't request issuance of summons and it doesn't contain the last known addresses of the parties and their attorneys of record. It names only the chairman of the commission and lists an address for that. And the case law makes clear that it doesn't matter if a party is able to get summons issued without the request from summons. The lack of requests for summons deprives the circuit court of jurisdiction. And the notice of filing is not a notice of intent either, because even if it qualifies as a notice of intent sent to the commission, it doesn't qualify as either a proof of filing or an affidavit in the circuit court. And again, in the case law, it doesn't matter if the commission had actual notice. The act specifically requires that it must send notice to the commission and it must provide these proofs, a proof of filing or an  court that authoritatively establishes the boundaries of proof of filing. But proof of filing is usually, well, the filing is usually proven by either having the commission date stamp. That's the way it used to be done. And these days, I believe they're using the notices that they get back from comp file. But there is a 2024 decision, it's an unpublished decision in Saucito Diaz, but that says that it is analyzing a different provision, but similar language. And it says you can't use an unsworn statement from the party's attorney as a proof of filing or as proof of something. I forget exactly what the statute said, but they said there'd be no point in asking for an affidavit as an alternative if it was sufficient for a proof of filing to have a party just make a statement. And so it doesn't, that seems to satisfy the jurisdictional issue. This court doesn't have jurisdiction because he hasn't done either of those two things. And so this court should vacate the circuit court's judgment for lack of jurisdiction and dismiss the appeal. Counsel, you didn't raise this below, did you? In the circuit court? No. Well, I wasn't involved in the case in the circuit court, but I don't believe any of the parties raised that issue below. I think they didn't appreciate the issue, but that is something that this court still will want to look at because jurisdiction cannot be waived or consented to. So even though it wasn't raised below, it's still something that has to be raised now. And I have to, well, I don't have to, but I will add that the fact that we didn't raise it below did not cause any disadvantage to Zoran because he either had to file these things or not within 20 days from the commission's decision. And so by the time the other parties found out about it and thought about the issues and everything, it would have been too late for their objection to do him any good. Well, there's no bar, time bar, to jurisdiction, is there? No. I was just adding that as an extra thing. Okay. And it's very clear the Illinois Supreme Court has said that there is no jurisdiction under these circumstances in the Gruszeka case. Have you concluded or because you still have time? Well, I don't have a whole lot to say else. I mean, I think that's pretty clear and I don't really have to say much about the merits either. I mean, if this court feels that it has to go that far, well, it's Zoran's burden to prove that the commission's decision was mistaken. And this is an issue of credibility and that's the special province of the commission. So I don't think he has very far to go. So unless the court has further questions with respect to the remaining issues, we'll stand on our brief and we urge this court to vacate the circuit court's judgment for lack of subject matter jurisdiction and dismiss the appeal or the alternative to affirm this court's judgment, thereby upholding the commission's denial of benefits to Zoran. Yes, thank you. Counsel, questions or more questions from the court? No. Would you like me to proceed, Judge? That was going to be my next. Yes, you have, I believe, five minutes reserved for... Good afternoon. Good afternoon, Your Honors. May it please the court. My name is Attorney Mosa Elmos and I represent S&B Food and Liquors. Again, we're here today based upon Mr. Zaharan's appeal here and he has presented nothing today in his brief earnest testimony that shows that the arbitrator of the commission was not proper in its ruling. The arbitrator was very clear in its ruling that they found Mr. Zaharan and his witnesses not credible in any capacity throughout the testimony, during the and in his depositions. Mr. Zaharan was not credible. The only thing that the arbitrator and the commission found was that he did work for S&B Food and Liquors, but nothing else in the testimony was found to be credible. And before a reviewing court may overturn the commission decision, it must be found that the award was contrary to law or that the commission factual findings were against the manifest weight of the evidence. Mr. Zaharan presented nothing to the arbitrator that the injury occurred at work, presented nothing in his testimony that he went to the hospital right away. So the credibility of both Mr. Zaharan and his witnesses was very clear to the arbitrator and the commission confirmed the findings that Mr. Zaharan and his witnesses was not credible in their testimony. They found that the owner S&B Food and Liquors testimony was credible and they could not contradict. In fact, Mr. Zaharan and his witnesses testimony completely contradicted each other during the hearing. One such example was that Mr. Zaharan's witness says that he found Mr. Zaharan injured and the bone was protruding from his arm. And Mr. Zaharan injury and he even testified that there was no bone protruding from his arm. He didn't even have any type of cuts. So the only witness that they brought was completely contradictory and the court did not even consider much of his testimony as he was also a two-time felon and he brought him to testify. So what the commission did find after the length of hearing was that the only credible evidence that they were supportive finding was that Zaharan failed to establish that he was involved in any work-related injury with the S&B Food and Liquors and they have brought nothing today to establish that there was an injury or that the arbitrator or the commission ruling was not proper. And we're asking this court to affirm the decision. Thank you, Judge. Thank you, counsel. Any questions from court? There was a bill submitted in evidence, am I correct, from Christ Advocate? There was a bill, I believe, that was submitted that he had, I think, four to five days after the alleged injury. Were there any medical records? No. Well, thank you, counsel. Any other questions? Mr. Kline, you may reply. Yes, your honor. First, regarding the issues about the filing, I wanted to point out the first point. They're stating filing no written request for summons or documents showing that he had filed a notice of intent to file. And what the record actually shows is that on June 22nd, his attorney, Mr. Zaharan's attorney, had filed with the clerk of the circuit court a notice of filing. The second... May I ask, was it a notice of filing, a notice of intent to have the issue reviewed? And was it filed in the commission? Do you follow me? Oh, yes. Well, what was done... So, first, he filed with the circuit court a notice of filing, which stated, above entitled action summons to the workers' commission review. And it also stated it was... It was a notice of filing the summons. It wasn't a request for summons to the clerk, Vaughn, and it wasn't a notice of intent to file filed with the commission. Am I wrong about that? Yeah, I believe there's nothing in the record as far as regarding that point. Thank you, counsel. So, but as far as just to add what isn't a record, besides that, in fact, it was mailed to the chair of the commission, the record actually stated, as far as Pelley's raised the issue that the circuit court's docket shows no documents were filed. However, the record actually stated the district of the Cook County Circuit case summary with the case number and the case name and events and orders of the court stated that on June 22nd, 23rd, a summons issued and returnable from Mr. Zaran. And on June 22nd, same day, the notice of filing filed was by Mr. Zaran. That is all. We're not going to overstate as far as what, in fact, he did file. Let's certainly point out as far as as far as who appeared, when they appeared, certainly they both Mr. Both Pelley's have appeared, have always appeared. So as far as whatever Mr. Zaran did not file, we're not as far as there were certain things that possibly were not filed. In fact, you know, the, but the courts have often state that as far as the substance should be considered over a procedural matter. So just wanted Mr. Klein, let me, let me ask you a question. All right. So you heard what must miss Labreck outlined is required to give the circuit court jurisdiction, um, and a worker's compensation claim, correct? Do you just, do you dispute those, those, uh, those things that she is suggested are required strict compliance with in order to give the circuit court jurisdiction? I mean, just generally in generally, do you dispute those items that she outlined as being necessary? Well, I would, uh, as far as just the point out, you know, she certainly misstated, uh, uh, you know, as far as specific points, uh, what she misstated, I would also point out that she cited no case law to support her position. Um, so I think that's also significant. Um, and as far as what's also significant, any of these issues had not been raised in the circuit courts based on those reasons, I think. If you recall, Justice, uh, uh, Holder, I believe pointed out that jurisdiction is never too late to raise, is that correct? So I think, I think a threshold question here is what documents were actually filed in compliance with, in strict compliance with what is required to, to give the circuit court jurisdiction. And you're telling me, I see in your brief and, and listening to your argument today, that you're, you're pointing out these things that were in the record somehow, uh, but are those the items necessary to give the circuit court jurisdiction? I believe what has been produced in the record, uh, would be sufficient for the appellate court to have jurisdiction. The appellate court, what about the circuit court? I believe it was sufficient, uh, for the circuit court, which, uh, in fact, they, they, uh, is that based on your, as far as, sir, is that based on your, I believe you were going to argue that as long as the intent was there and everyone was given, uh, sufficient notice that it doesn't have to be strict compliance with the documents themselves, that the appellate court showed up? No, I would say what's the key part is that the, uh, circuit court accepted jurisdiction acted as far as, uh, the, the, uh, matters of briefing. Uh, so I would say that's certainly significant that the, uh, circuit court accepted jurisdiction. And oftentimes the appellate court reverses the circuit court for accepting jurisdiction when it had none. Is that correct? Oh, yes. I'm not disputing that. Okay. So I'm just trying to boil it down to its essence. If you can point us to the actual documents that were required to give the jurist, to give the circuit court jurisdiction, that would really help be helpful for me in determining how I feel about this case, because I can't find them. As far as, um, what I referred to in the record, uh, that is all I have in the record. I would just point out, um, appellees have not supported what they stated by any cases. Uh, and in fact, the, uh, as far as, uh, circuit court took jurisdiction, I understand, uh, certainly the, uh, appellate court can, uh, reverse. I would just point out also that the, um, as far as the, uh, the key, as far as all the major points, as far as jurisdiction have been in compliance, in compliance, as far as, uh, there may meet, uh, one or two specific matters, um, that have, um, as far as, uh, if you want to use the term strict compliance, but I would say, so the documents that were produced, the documents that were, uh, the summons, uh, that were, uh, received, uh, by the, um, workers commission, uh, I think all of those matters would be, uh, certainly substantial, uh, or, um, substantial compliance, maybe not, uh, uh, strict compliance, but I think based on the evidence of substantial compliance, based on the fact that no, uh, no, uh, case law was cited, uh, and in fact, uh, jurisdiction was accepted, um, that would be, uh, my answer to your question. That's your argument. Your time is up, uh, Mr. Klein. I see the red light is on. Um, so are there any further questions from anyone else on the court? No, hearing none. Okay. Uh, thank you, council both for your arguments in both, all three of you. Thank you, uh, for your arguments in this matter this afternoon, it will be taken under advisement and a written disposition shall be forthcoming.